OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and action dismissed.
*36 In this commercial claims action for nonpayment of home heating fuel oil delivered to defendant, plaintiff seeks to recover the sum of $344.85 as the balance due on a delivery of 397.2 gallons of home heating fuel oil. Defendant contested plaintiffs claim that 397.2 gallons of fuel oil had been delivered. In support of its claim, plaintiff produced a handwritten truck driver’s manifest showing delivery of 397.2 gallons of fuel oil. Plaintiff also produced a delivery ticket which bore the printed words “certified meter reading,” but which bore no legible printed information concerning the amount of oil delivered or the date of delivery. The date and the amount of oil delivered were handwritten on the delivery ticket in ink. There was no indiction on the delivery ticket of the total price, nor did plaintiff introduce any evidence as to how, when or whether a written statement had been provided to defendant of the total price of the home heating fuel oil.
Although a relaxation of formalities is contemplated in actions brought in the commercial claims parts of the city courts, such claims must nevertheless be decided in accordance with the rules of substantive law (UCCA 1804-A). The rules for documentation of home heating fuel oil deliveries and billing are clear:
“Except where otherwise agreed to by the parties in writing, all petroleum products delivered from a vehicle shall be measured by meter or other measuring device. Where petroleum products delivered from a vehicle are measured by meter, the seller shall provide the buyer with a mechanically prepared metered document which shall show the actual quantities of all grades of petroleum products delivered. Where petroleum products delivered from a vehicle are not measured by meter, the seller shall provide the buyer a mechanically prepared metered document which shall show the actual quantities of all grades of petroleum products transferred to the vehicle. The delivery ticket shall also contain the name and address of the seller and buyer, the date delivered, price per unit measure and total price; provided, however, that such delivery ticket need not set forth the total price if within five days after delivery the seller provides the buyer with a written statement setting forth all the foregoing information including the total price. All deliveries of home heating fuel oil shall be measured by meter, the *37 delivery tickets shall be serially numbered, and a copy retained by the seller for a period of one year” (Agriculture and Markets Law § 192 [4]).
The evidence presented by plaintiff in support of its claim plainly failed to comply with the statutory requirements for purveyors of home heating fuel oil. There was only manual documentation of the home heating fuel oil delivery, as opposed to the mechanically prepared metered document required by law. There was no documentation showing compliance with the statutory requirement that a written statement of the total price be provided within five days of delivery of the home heating fuel oil if it has not been included on the delivery ticket.
While the statute is silent as to the remedy for violation, we conclude that to effect the statutory purpose of consumer protection, a seller who fails to comply with the statutory dictates is precluded from recovery (see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 341, 364). Thus, we conclude that plaintiff failed to meet its burden of proof showing entitlement to payment of the balance allegedly due for the fuel oil delivery in question.
Accordingly, we reverse the judgment and dismiss the action as substantial justice was not rendered between the parties according to the rules and principles of substantive law (UCCA 1807-A [a]).
Rudolph, RJ., McCabe and Scheinkman, JJ., concur.